**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv641
(3:05cr209-1)**

| | |
|---|---|
| **DAVID HERMAN KALE, JR.,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before this Court upon Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 1).

**I.    BACKGROUND**

On May 24, 2005, Petitioner was indicted for conspiring to defraud the United States by robbing a gas station in violation of 18 U.S.C. § 371 (Count One); obstructing and delaying commerce by robbing that gas station and aiding and abetting that offense, all in violation of 18 U.S.C. §§ 1951 and 2 (Count Two); using and brandishing a firearm during and in relation to that robbery in violation of 18 U.S.C. § 924(c) (Count Three); and for unlawfully possessing said firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1) (Count Four). (Criminal Case No. 3:05cr209-1, Doc. No. 1). On February 8, 2006, Petitioner appeared before the Court and pled guilty to all of those charges. (Id., Doc. No. 36: Entry and Acceptance of Guilty Plea form).

On November 3, 2006, defense counsel filed objections to the Pre-Sentence Report arguing three matters, including that Petitioner was entitled to a sentence reduction under U.S.S.G. § 5G1.3

for the 152 days that he had spent in State custody following his arrest on related charges until the time he was taken into federal custody, for which the Bureau of Prisons reportedly would not have given him credit. (Id., Doc. No. 41 at 2). During Petitioner's sentencing hearing, held on November 8, 2006, the Court granted his request for the 152-day sentence reduction. (Id., Doc. No. 54 at 13-15: Sentencing Transcript). Thereafter, the Court determined that Petitioner's combined offense level for Counts One, Two, and Four was 20; his criminal history category was III; his guidelines range for those offenses was 41 to 51 months; and his range for Count Three was a consecutive 120-month term. (Id. at 18). Ultimately, the Court sentenced Petitioner to three concurrent terms of 41 months on Counts One, Two and Four, reduced by 152 days. (Id. at 21). Such terms also were imposed concurrently with Petitioner's State sentence. (Id.). Last, the Court sentenced Petitioner to a consecutive term of 120 months on Count Three. (Id.).

Petitioner timely appealed his case to the Fourth Circuit Court of Appeals, where he challenged the Court's imposition of the consecutive ten-year mandatory minimum term under § 924(c)(1)(A)(iii). United States v. Kale, 235 F. App'x 192, 193 (4th Cir. Aug. 23, 2007) (unpublished). The appellate Court found that this Court's conclusion that there was sufficient evidence to subject Petitioner to the 10-year sentence was not clearly erroneous. Id. Accordingly, the Court of Appeals affirmed Petitioner's convictions and sentences. Id. The mandate for that opinion was filed September 14, 2007. (Criminal Case No. 3:05cr209-1, Doc. No. 62).

Petitioner did not seek further review at the United States Supreme Court. Rather, on December 16, 2010, he filed the instant Motion to Vacate, arguing that he has been denied sixteen months of jail credit for the time that elapsed between May 24, 2005, the date on which he was indicted on the federal charges, and November 8, 2006, the date on which he was sentenced by this Court. (Doc. No. 1: Motion at 5). The Motion is silent as to why Petitioner waited more than three

2

years after the Court of Appeals affirmed his Judgment to file this action, and it merely asserts that he previously had submitted the Motion on August 12, 2009. (Doc. No. 1-1). Consequently, on December 28, 2010, the Court entered an Order directing Petitioner to explain why he believed his Motion should be deemed timely filed. (Doc. No. 2 at 3). Such Order further acknowledged Petitioner's assertion that he previously had submitted this Motion to Vacate, but explained that the Court had carefully checked the docket of his criminal case and had found no evidence to support his assertion. (Id. at 1, fn. 1). Therefore, the Court advised Petitioner that his Motion would be treated as having been filed on the date that it actually was received by the Court, December 16, 2010.[1] (Id.). The Court's Order gave Petitioner 15 days to respond, thereby requiring Petitioner to respond on or before January 12, 2011. (Id. at 3). Nevertheless, Petitioner did not file his response until January 21, 2011.[2] (Doc. No. 3).

## II.     STANDARD OF REVIEW

The Rules Governing Section 2255 Proceedings, Rule 4(b), 28 U.S.C.A. foll. § 2255, directs sentencing courts promptly to examine motions to vacate. When it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. After reviewing Petitioner's pleadings and the underlying record, the Court finds that his Motion to Vacate is timed-barred and must be dismissed.

---

[1] Even if the Court were to treat Petitioner's Motion to Vacate as having been filed on August 12, 2009, that fact would not change the outcome of the case because, as the Court explains in its discussion, Petitioner's one-year filing deadline expired on December 12, 2008.

[2] Using the "mail box" rule articulated in Houston v. Lack, 487 U.S. 266 (1988), the record still reflects that Petitioner's response was not placed in the mail until nine days after it was due. (Doc. No. 3 at 2). Nevertheless, in its discretion, the Court has chosen to consider that document in its resolution of this case.

3

## III.     DISCUSSION

According to 28 U.S.C. § 2255(f), a one-year limitations period applies to the filing of a motion to vacate. In the circumstances of this case,[3] that period began to run no later than December 12, 2007, when the judgment became final after the expiration of the 90-day period during which Petitioner could have filed a petition for writ of certiorari in the Supreme Court. United States v. Clay, 537 U.S. 522, 524-25 (2003); 28 U.S.C. § 2255(f)(1); Fed. R. App. P. 4(b) (2007). Thus, Petitioner had until December 12, 2008, to file the instant § 2255 Motion, but he did not file it until two years later, on December 16, 2010. Furthermore, the limitations period is subject to equitable tolling; however, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks and citation omitted). This "extraordinary remedy" is "sparingly granted." United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000).

By his response, Petitioner appears to argue that his Motion should be deemed timely filed because: (1) "90 days prior to [his] sentencing, [he] was housed from County to County Jail . . . "; (2) upon his arrival at the Federal Bureau of Prisons, he was unaware of the subject one-year limitations period; and (3) his attorney failed to file the instant Motion for him. (Doc. No. 3). Notably, Petitioner makes no mention of his earlier assertion that his Motion to Vacate was first submitted on August 12, 2009. In any event, Petitioner's contentions fail to establish that he is entitled to equitable tolling.

---

[3] None of the other triggering events listed in 28 U.S.C. § 2255(f)(2) through (4) are suggested by the instant Motion, response or record.

4

Petitioner's transfer between two County jails prior to the time that he was sentenced could not have impacted his ability to timely file this post-conviction Motion. See Allen v. Johnson, 602 F.Supp.2d 724, 727-28 (E.D.Va. 2009) (observing that prison conditions, such as transfers, lockdowns, or misplacement of legal papers normally do not provide a basis for equitable tolling), appeal dismissed, No. 09-6700, 2010 WL 3736256 (4th Cir. Sept. 21, 2010). Nor does Petitioner's ignorance of his filing deadline, or his former attorney's failure to file this Motion, establish a basis for equitable tolling. See Burns v. Beck, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004) (neither unfamiliarity with the legal process, lack of representation, or illiteracy constitutes a basis for equitable tolling) (citing Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) ("We have held that neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

Finally, although Petitioner does not mention it, the record reflects that after his appeal was rejected but before the appellate Court's mandate was entered, he filed two letter-motions in his criminal case asking the Court for varying amounts of jail credit.[4] However, the fact that Petitioner filed those letter-motions did not preclude him from also timely filing this Motion to Vacate. Therefore, those letter-motions also do not establish a basis for equitable tolling.

---

[4] Petitioner's letter-motions, filed August 31, 2007 and November 21, 2007, make no reference to 28 U.S.C. § 2255. (Criminal Case No. 3:05cr209-1, Doc. Nos. 61 and 63). Furthermore, each motion claims entitlement to jail credit for a period that is different from the 16-month period identified in the instant Motion: the first seeks approximately 17 months of jail credit for the period of June 15, 2005 until November 8, 2006; and the second seeks approximately 21 months of jail credit for the period of February 24, 2005 until November 8, 2007. (Id.). Moreover, at the time Petitioner filed those letter-motions, his one-year limitations period had not started to run. Therefore, there was no reason for the Court to assume that Petitioner was attempting to collaterally challenge his sentences by filing said motions.

### III. CONCLUSION

Petitioner filed his Motion to Vacate well beyond his applicable one-year limitations period, and he has failed to establish a basis for equitable tolling. Therefore, the Motion must be dismissed as time-barred.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Remand Sentence (Doc. No. 1) is **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability, as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, petitioner must establish both that dispositive procedural ruling is debatable, and that petition states a debatable claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: March 15, 2011

Robert J. Conrad, Jr.
Chief United States District Judge